UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GARY E. SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 14-177-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gary E. Sutton is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Sutton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking the dismissal of the Superseding Indictment in his criminal case.  [Record No. 1]  Because § 2241 is not the proper vehicle to obtain the relief sought, Sutton's petition will be denied.

**I.**

On March 31, 2006, a federal grand jury sitting in the Eastern District of Missouri returned an Indictment, charging Sutton with being a felon in possession of ammunition and firearms in violation of 18 U.S.C. § 922(g)(1) and § 924(c).  *See United States v. Sutton*, No. 1:06-CR-52-RWS-1 (E.D. Mo. 2006).  More specifically, Count I charged Sutton with unlawfully possessing .38 and .243 caliber ammunition, and Count II charged him with possessing three different 12 gauge shotguns, a .22 caliber rifle, and 12 gauge shotgun ammunition.  [*Id.*, at Record No. 11]  Sutton was then charged in a Superseding Indictment that added Count III, alleging that he unlawfully possessed a .30-30 caliber rifle and a .22-

250 rifle in violation of 18 U.S.C. § 922(g)(1) and § 924(e). [*Id.*, at Record No. 43]

Following a one-day trial, a jury convicted him under Count III but acquitted Sutton on

Counts I and II. [*Id.*, at Record No. 70] Sutton was sentenced to a 280-month term of

incarceration, followed by a five-year term of supervised release. [*Id.*, at Record No. 80]

The United States Court of Appeals for the Eighth Circuit affirmed Sutton's conviction and

sentence on June 20, 2007. [*Id.*, at Record No. 96]

Sutton then filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C.

§ 2255, asserting a number of grounds for relief. The trial court denied that motion and

declined to issue a certificate of appealability. *See Sutton v. United States*, No. 1:08-cv-175-

RWS (E.D. Mo. 2008). Subsequently, Sutton filed a motion to dismiss the Superseding

Indictment for lack of jurisdiction, which the court denied. [*See United States v. Sutton*, No.

1:06-CR-52-RWS-1 (E.D. Mo. 2006), Record No. 101 therein] Sutton filed a second motion

to dismiss, asserting that the Indictment was multiplicitous. [*Id.*, at Record No. 103]

Construing the second motion to dismiss as a second or successive § 2255 petition, the court

denied relief pursuant to 28 U.S.C. § 2244(b)(3)(A). Sutton responded by re-filed the motion

in this Court under § 2241, contending that the United States violated his constitutional rights

by charging "one alleged offense in[] three separate counts." [Record No. 1] He argues that

the Superseding Indictment was defective, void and should be dismissed.

**II.**

In conducting an initial review under 28 U.S.C. § 2243, the Court must deny the relief

requested "if it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States

District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Sutton is not

represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Sutton's factual allegations as true, and liberally construes his legal claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Sutton may not pursue this claim in a petition filed pursuant to § 2241. Such a petition is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Sutton's challenge to the Indictment and Superseding Indictment is a quintessential claim of error that a defendant is required to pursue on direct appeal or in an initial motion under § 2255. *Cf. Sainz-Ortega v. United States*, No. 09-cv-542, 2009 WL 873138, at *2-3 (D. Minn. March 30, 2009); *Johnson v. United States*, No. 7:07-cv-316, 2007 WL 1874195, at *1-2 (W.D. Va. June 27, 2007); *Nealy v. United States*, No. 8:05-2933-RBH, 2007 WL 1290262, at *2-3 (D.S.C. April 30, 2007). He may not assert his claim under a § 2241 petition for this purpose because it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Likewise, Sutton may not invoke the savings clause to pursue habeas relief under § 2241 where, as here, he previously asserted his claim in a motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

**III.**

For the reasons set forth above, it is hereby

**ORDERED** as follows:

1.       Petitioner Gary E. Sutton's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2.       This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.       Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Francisco Quintana.

This 6th day of June, 2014.

Signed By:

*Danny C. Reeves*  DCR

United States District Judge